IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE BROWN
ADC #111728                                                                                              PETITIONER

VS.                                          5:07CV00004 JLH/JTR

LARRY NORRIS, Director,
Arkansas Department of Corrections                                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A 149
> Little Rock, AR 72201-3325

## I. Background

On January 8, 2007, Petitioner, Willie Brown, initiated this habeas action pursuant to 28 U.S.C. § 2254. (Docket entry #2.) In his habeas Petition, he alleges that the state trial court, wrongfully and without statutory authority, revoked his suspended sentence and ordered his incarceration. Respondent asserts in his Response (docket entry #8) that Petitioner's habeas claim is barred by the statute of limitations.[1] Before addressing Petitioner's habeas claims, the Court will review the procedural history of this case.

On October 17, 1997, Petitioner entered a guilty plea, in Crittenden County Circuit Court, to: (1) first-degree battery; (2) unlawful discharge of a firearm from a vehicle; (3) being a felon in possession of a firearm; and (4) possession of a controlled substance with intent to deliver. *See Brown v. State*, 2002 WL 31065927, *1 (Ark. App. Sep. 18, 2002) (unpublished decision) (reciting procedural history). Petitioner received an aggregate 192-month sentence, which was suspended.

---

[1] Although the Court entered an Order (docket entry #9) directing Petitioner to file a Reply addressing the arguments in the Response, Petitioner declined to do so.

*Id.*

On June 5, 2001, the State moved to revoke Petitioner's suspended sentence on the grounds that Petitioner had: (1) failed to pay fines and costs; (2) committed carnal abuse; (3) possessed a firearm even though he was a convicted felon; (4) failed to notify law enforcement of his address and employment; (5) failed to work regularly; (6) intimidated a witness; (7) failed to appear; (8) associated with others violating criminal laws; (9) committed first-degree battery; and (10) committed unlawful discharge of firearm. *See Brown v. State*, 2002 WL 31065927, *1 (Ark. App. Sep. 18, 2002). After conducting a revocation hearing on October 8, 2001, the trial court revoked Petitioner's suspended sentence and imposed an aggregate 300-month term of imprisonment. (Docket entry #8, Ex. 1.)

Petitioner appealed the revocation of his suspended sentence and the imposition of a new sentence to the Arkansas Court of Appeals, where he argued that the trial court erred in denying his request to continue the revocation hearing. On September 18, 2002, the Arkansas Court of Appeals rejected this argument and affirmed. *See Brown v. State*, 2002 WL 31065927, *1 (Ark. App. Sep. 18, 2002) (unpublished decision).

On April 17, 2006, Petitioner filed a state habeas action in Crittenden County Circuit Court, alleging that he was illegally sentenced. (Docket entry #8, Ex. 3.) On May 10, 2006, the trial court entered an Order denying habeas relief. (Docket entry #8, Ex. 4.) Petitioner filed an appeal with the Arkansas Supreme Court and requested an extension of time to file his appellate brief. On October 5, 2006, the Arkansas Supreme Court denied Petitioner's request, and dismissed the appeal, on the ground that the trial court lacked jurisdiction over Petitioner's habeas action. *Brown v. State*, 2006 WL 2839244 (Ark. Oct. 5, 2006) (unpublished *per curiam*).

For the reasons explained below, the Court concludes that Petitioner's federal habeas claim is barred by the applicable statute of limitations. Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that this case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

On September 18, 2002, the Arkansas Court of Appeals denied Petitioner's direct appeal, and he elected not to petition the United States Supreme Court for certiorari review. Thus, Respondent argues that the one-year statute of limitations began to run ninety days later, on December 17, 2002, and expired on December 17, 2003.[2] Because the Petition in this case was filed on January 8, 2007, more than three years after the expiration of the limitations period, it is clearly barred by AEDPA's one-year limitations period.

Importantly, AEDPA also provides that the one-year limitations period is tolled while a

---

[2]Unlike in a number of other habeas cases in this district, Respondent does *not* argue that, because the Arkansas Court of Appeals is not a court of "last resort" from which certiorari to the United States Supreme Court is available, Petitioner is not entitled to the extra ninety days in which he *could have* petitioned the United States Supreme Court for certiorari. Thus, for purposes of the Court's analysis, it will use Respondent's calculation, which inures to Petitioner's benefit.

"properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). While Petitioner filed a postconviction motion in 2006, the limitations period had already run. Where a state post-conviction motion is filed under these circumstances, the filing has no statutory tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period). Thus, no period of statutory tolling applies in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000). Petitioner has not come forward with any argument or evidence to support a claim of equitable tolling.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket entry #2) be DENIED, and the case DISMISSED, WITH PREJUDICE.

Dated this 29th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE